IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ASHLEY D. MOORE,<br><br>　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social Security Administration,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S EAJA FEE APPLICATION<br><br><br><br>Case No. 2:06-CV-618 TS |

　　In this Social Security case, Plaintiff seeks attorney fees under the Equal Access to Justice Act (EAJA). "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[1] It is undisputed that Plaintiff is a prevailing party under the EAJA because she obtained a reversal on appeal and a remand under "sentence four."[2] The Commissioner has not challenged Plaintiff's

---

[1] *Hackett v. Barnhart*, 2006 WL 3365374, at *4 (10th Cir. Nov. 21, 2006) (citing 28 U.S.C. § 2412(d)(1)(A)).

[2] Sentence four of 42 U.S.C. § 405(g).

1

contention that the Commissioner's position was not substantially justified. Nor does the Commissioner challenge Plaintiff's computation of the number of hours for her claimed attorney fees or their reasonableness. Instead, the Commissioner challenges only the claimed hourly rate. The Commissioner challenges the hourly rate for two reasons. First, because attorney Brandt who worked on Plaintiff's briefs is admitted to practice in California, but did not obtain an order for pro hac vice admission in this case. Second, because the Commissioner alleges that the cost of living adjustment to the attorney hourly rate is improperly calculated.

The Court finds, per Defendant's representation,[3] that attorney Brandt is an attorney licensed to practice in California. For the reasons stated in the Court's Memorandum Decision and Order Granting in Part Plaintiff's Motion for EAJA fees in *Rose-Velasquez v. Astrue*,[4] the Court finds fees should be awarded for Brandt's services in the present case.

The Commissioner does not oppose the Plaintiff's counsel's request for a cost of living adjustment for attorney fees under 28 U.S.C. § 2412(d)(2)(A)(ii) but does dispute the selection of the Consumer Price Index–All Consumers (CPI-U) figure used to calculate the increase. Plaintiff used the CPI-U for October 2007—the date of entry of the Judgment remanding this case to the Commissioner. The Commissioner contends that the CPI-U for March 2007—"the midpoint date of the services provided by the attorneys in this matter"[5]—is the appropriate figure. The difference between the CPI-Us used results in a

---

[3]Docket No. 32, at 2.

[4]Case No. 2:06-CV-297 TS, Docket No. 27, at 2-4.

[5]Def.'s Mem. at 3.

difference between the hourly rate sought by Plaintiff's counsel of $167.74 and that suggested by the Commissioner of $164.86.

The Commissioner argues using this "temporal mean"[6] date for indexing is most appropriate. However, the Commissioner's argument—that the cost of living increase must not be indexed as of a date after which they are incurred because it effectively charges the government interest—is equally applicable to disqualify the use of his suggested temporal mean date. The only way to avoid the problem the Commissioner perceives is to index the attorney's fees "as of the month they were incurred,"[7] a complex task not required by the only Tenth Circuit case cited by the Commissioner. In that case, *Harris v. Railroad Retirement Board*,[8] the Tenth Circuit applied the cost of living increase for EAJA hourly rates up through the time of its award of disability benefits to the prevailing plaintiff.[9] In the absence of controlling case law directly addressing the issue of the appropriateness of use of a "temporal mean" for indexing, this Court will follow the method used in *Harris* and find that the appropriate hourly rate should be adjusted for cost-of-living increases from the

---

[6] *See, e.g., Adams v. Barnhart* 445 F.Supp.2d 593, 597 (D.S.C. 2006) (applying temporal midpoint for indexing); *Martin v. Astrue*, 2008 WL 1701698, at *2 (S.D. Ala. April 10, 2008) (noting that Southern District of Alabama had adopted formula for calculating hourly rate that accounted for cost of living increases and used temporal midpoint of case to index).

[7] *See, e.g., Welsh v. Halter*, 2004 WL 1595249 (N.D. Ill. 2004) (following *Marcus v. Shalala*, 17 F.3d 1033, 1039 (7th Cir. 1994) holding EAJA "fees must be indexed as of the time they were incurred, rather than based on the rate in effect at the conclusion of the case").

[8] 990 F.2d 519 (10th Cir. 1993).

[9] *Id*. at 520 (citing its prior decision awarding benefits *Harris v. Railroad Retirement Bd.*, No. 92-9516, 1992 WL 401589 (Dec. 22, 1992) (*Harris I*)).

date setting the $125 EAJA hourly rate to the date of the judgment in Plaintiff's favor.[10] The Court need not determine whether the judgment date should be that of the Tenth Circuit's Mandate requiring remand to the ALJ[11] or that of this Court's Order of Remand and Judgment,[12] because they all occurred in October 2007—the indexing date used by Plaintiff's counsel.

The Court has considered the documentation submitted by Plaintiff's counsel together with the entire record, and finds that the number of hours (71.2) requested is reasonable. The Court further finds that the cost of living adjustment that Plaintiff is seeking is reasonable, resulting in an hourly rate of $167.74. It is therefore

ORDERED that Plaintiff's Motion for Attorney Fees under the EAJA (Docket No. 31) is GRANTED. It is further   ORDERED that Plaintiff is awarded attorney fees in the amount of $11,943.08, pursuant to 42 U.S.C. § 2412(d).

DATED April 21, 2008.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge

---

[10] *Id.* at 521.

[11] Docket No. 24 (ordering that case be remanded to the ALJ for new determination).

[12] Docket Nos. 25 (Memorandum Decision and Order that case be remanded to ALJ for new determination in accordance with Tenth Circuit's opinion) and 26 (Judgment remanding case).